By the Court.—Moncrief, J.
It is not clear upon what theory, the record of the proceedings and judgment in the Marine court, in the case of Russell against Lake and Ruckman, was presented or admitted as evidence upon the trial. If it is assumed to be upon the ground, as argued by the learned counsel for the respondent, that such record was an estoppel upon the plaintiff in this action, then the ruling of the court is plainly erroneous (Wilson v. Duval, 5 Bosv.). It was not an action between the same parties, and the plaintiff was not shown connected with it, otherwise than as the attorney for Mr. Russell; and that fact surely could not conclude him in an action like the present, wherein he claims as owner, and adverse of course to Mr. Russell, his former client. The most that could be claimed, is that evidence might have been introduced, tending to show want of title to the note in suit in the plaintiff, by proving his assertion in writing or otherwise, of such title and ownership in Mi’. Russell or some other person; but even then, the evidence being conflicting, it would have been the privilege of the plaintiff to have the jury pass upon the questions of fact, under proper instructions from the court.
As a new trial is inevitable, and many of the exceptions now argued may not again be taken, we forbear to notice them.
The judgment should be reversed, and a new trial ordered, with costs to abide the event.
Robertson, J.
J.—It may be a matter of considerable question in this action, whether a mere return made and signed by a justice of the marine court of this city, to the court of common pleas of the city and county of Rew York, upon an appeal taken to the latter court, from a judgment in an action in the former, *189 was evidence of everything stated in it, particularly in another action where the parties were not the same. It is highly doubtful, if nothing more, whether the mere notes taken by the judge of a court on the trial of a cause, of testimony given by a witness in it, were admissible as evidence of such testimony, except upon proof that such judge does not recollect the words of the witness without such notes (Russell v. The Hudson River Railroad Company, 16 N. Y., 134), and that such notes contain his words (Wilbur v. Selden, 7 Cow., 162, 165).
If, however, such return and notes had been admitted without objection, it would have appeared by the former, that the judgment of the marine court in the case of Russell against the defendant Ruckman, was rendered upon the ground that the sheriff alone had a right to •maintain the action by virtue of the attachment in favor of Drury, and that no evidence was offered of any ownership by the present plaintiff. It also appears, by the judgment of the court of common pleas, that such judgment in the marine court was reversed, and there is no evidence that any further proceedings were had in such action. Of course there is no judgment determining any question of fact estopping the plaintiff from claiming the amount due on the contract sued upon in this action.
There is no evidence in the case, that the present plaintiff was examined as a witness in the marine court action. It does not appear from the case, on what ground this court on the trial of this action, prevented the plaintiff from showing the cause of his filing a complaint in the former court stating that the note there sued upon belonged to the plaintiff in that action (Russell) instead of himself. The cause, as assigned in his offer, was a reasonable one to be passed upon by the jury. If the ground was, as suggested on the argument, that the plaintiff having been an officer of the marine court, when he stated in a complaint put in by him as such officer, in that court, that the note then sued upon was a,t that time the property of the plaintiff in the action then brought, he cannot now be allowed to prove in this court that it was his own, it is clearly untenable. There are no different rules of estoppel for officers of courts than other persons ; their statements not under oath are entitled to as much or as little weight as evidence, as those of any other person under the same circumstances; but they are not precluded from testi *190 fying to a fact differently from a former statement. They are not personally bound by what they state in pleadings, particularly as regards third parties, unless the latter had a right to act on the faith of such statement, has so acted, and been prejudiced thereby. The defendants in this action not only did not act on the faith of the truth of the allegation in such pleading that Russell was owner, since they even denied it in such action, but they were not prejudicded thereby, for the judgment proceeded on a different ground. They therefore cannot avail themselves of any such assertion. Their own denial of Russell’s ownership in such action would be as good a ground for estopping them from now setting it up. Possibly an assertion by the present plaintiff in such action, although as attorney for another, that the contract in question was the property of the latter, if it was his own, may require explanation. He proposed to give a very natural one, -but his offer of testimony was excluded by the court; which clearly was error.
Again, in the former action in this court between the present parties, commenced in March, 1855, it appeared by the complaint that the plaintiff claimed to have become owner of the note in question by a sealed instrument in writing, executed by Russell to him on the 29th of December, 1854. The fact of an attachment served in February previous, in the action of Drury against Russell, was admitted on such trial. The only evidence of the plaintiff’s title offered, was an assignment under seal, dated in December, 1854. It appeared by the inmutes of the court, that the complaint in such action was dismissed, and by a stipulation that it was so by the court, without any submission to a jury. The plaintiff’s counsel offered to prove on the trial that such dismissal was put by the judge by whom it was made, distinctly on the ground that the complaint did not show a title early enough to escape the operation of the attachment, and that it should have claimed a title in February, instead of December, 1854; but he was prevented by the court. The decision of one of the justices of this court (Boswobtii, Oh. J.), on a motion for a new trial in such action, holds that if the plaintiff could not maintain his action under the instrument of December, 1854, he must fail, and that the judgment on the trial must have been given on that, hypothesis, and that a prior agreement in February, 1854, could not be noticed because not mentioned in *191 the complaint. The decision of another judge (Hoffmah, J.), on a motion to amend in that respect, which was denied, was put on the ground that a trial had been had, and a motion for a new trial denied, and the plaintiff’s right to recover after the amendment was doubted. It is thus clear that the plaintiff has been prejudiced by being prevented from proving that the causes of action were not the same in the two actions, to wit, that in one it was for a cause of action assigned in February, and in another in December, 1854, his right of action depending exclusively on the time of assignment. He was also precluded in a measure, from showing that a former action had failed for want of evidence, and that judgment was not given against him on the merits. This, of course, was error, on the trial in this action.
Assuming the doctrine laid down in Dunlop v. Patterson (5 Goto., 248), to be unquestionable, that a judge is bound to charge a jury that they must entirely disregard the evidence of a witness who admits that he has contradicted in such evidence what he swore to on a former trial, I cannot perceive how the present was a case for its application. The former complaint only alleges that Russell executed to-the plaintiff the assignment of December, 1854, and that the plaintiff was the owner and holder of such note. That is not necessarily contradictory to the present one, which alleges the acquisition of such ownership in the February previous. Such assignment would have passed the title, but for the attachment. The plaintiff did not testify on the former trial, that he was not owner of the note in question, in February, 1854, or did not become so until December, 1854. He testified, it is true, that he was owner of part and Russell of part, but he produced the agreement on which he rested that claim, and which he now claims gave him the whole. That agreement may or may not transfer all Russell’s interest; it is not so clear as to charge even an attorney with perjury, who swears as a conclusion of law that it does. Russell agreed by it, to receive two hundred and fifty dollars in full for the note, if collected by the present plaintiff, and a less sum in proportion to the amount collected; if nothing was collected, he agreed to lose the note, and all moneys due thereon, and the plaintiff was to lose his costs and expenses. It is not necessary now to decide upon the effect of that agreement, except to *192 rescue the plaintiff from a charge of inevitable perjury, because he may swear it gives him the whole title, or has relied upon it solely in his statement in the complaint to that effect. Such statement under oath was probably based upon the sug- ' gestión in the opinion -of the learned judge, who refused to allow the amendment of the complaint on the former action, that “ such agreement would raise a plausible case at least, in “ favor of the plaintiff, if it were |>roperly in the case.” The plaintiff was cut off, in this case, from every opportunity of proving how he became the owner of the note before the attachment. Upon what grounds does not appear, unless they were those urged on the argument, which are not tenable. It was matter for the jury to determine, when the statements were not contradictory in themselves, or when evidence was given to explain such contradiction, whether to believe the witness or not. The court clearly had no right to pass upon the question of credibility. The decision in this case may yet turn on the proper construction of the agreement of February, 1851.
It is certainly a matter of very great doubt whether the portions of the case made in the former action, between the present parties, as settled in the handwriting of the present plaintiff, could be read in evidence against him. He had no discretion but to copy it as it was settled, he might undoubtedly leave another to copy it, but the fact of saving -that expense or time, will not make him chargeable with admitting the facts stated. But he certainly should have been allowed to prove the circumstances under which he made the writing. A case made for an appeal does not necessarily contain all the evidence, and cannot -be used even to discredit a witness (Neilson v. Columbian Insurance Company, 1 Johns., 301).
It is not necessary now to pass upon the questions raised, as to the validity of the attachment: they may be reserved for a future trial. The judgment should be reversed for the errors before pointed out, and a new trial had, with costs to abide the event.
Ordered accordingly.